IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Newberry, a/k/a Flip, ) | Case No. 1:24-cv-1678-RMG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13) recommending that the Court dismiss Petitioner's petition. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses the petition.

I. **Background and Relevant Facts**

Plaintiff, proceeding pro se and in forma pauperis, is a pretrial detainee in the Chester County Detention Center. (Dkt. No. 13 at 1). Petitioner challenges various aspects of his criminal case. (*Id.* at 1) (noting challenges to jurisdiction, claims of incompetency without evidence, and ex post facto prosecution).

On March 5, 2024, the Magistrate Judge issued an R&R recommending that Petitioner's petition be dismissed. (Dkt. No. 13).

Petitioner did not file objections to the R&R.

II. **Legal Standards**

a. *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

-1-

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

After a review of the record and the R&R, the Court adopts the R&R as the order of the Court and dismisses the petition. The Court agrees with the Magistrate Judge that all three criteria for abstention under *Younger v. Harris*, 401 U.S. 37 (1971) are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *Gilliam v. Foster*, 75 F.3d 881, 901 (4th Cir.1996); *see also Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir.1975) ("We are

not prepared to hold that ... the alleged denial of Moore's right to a speedy trial, constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies."); (Dkt. No. 13 at 4) (noting Petitioner can "pursue his claims related to his counsel in state court").

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 13) as the order of Court and **DISMISSES** this action with prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 28, 2024
Charleston, South Carolina